JAMES B. COFFIN *v.* SELBY LAWSON.

*Trespass—Title by Possession.*

Adverse, exclusive possession must be for twenty years to give a good title.

In a case of mixed possession of land, no other title being shown by either party, the law adjudges it to belong to the party who first acquired actual and exclusive possession.

In a case of mixed possession of land one of the parties, plaintiff, may recover for the exportation and conversion to his own use by the other party, the defendant, of the fence placed thereon by the plaintiff.

(*Sussex, April 7, 1886.*)

TRESPASS QUARE CLAUSUM FREGIT.

The defendant had entered the *locus in quo* then in possession of the plaintiff and took and carried away the rails of a fence therefrom.

B. F. Wayaman, a surveyor, was sworn and exhibited and explained a plot of the pretension of the plaintiff.

James B. Coffin, plaintiff, was born and lived on the land claimed by him until two years ago. The one and one-eight acres in dispute was used by my father's family as far back as I can remember, and it was customary for the family to cut their fire-wood from it. The first line fence I put there fifteen years ago, which remained undisturbed until it rotted down; and ten years ago I put a fence on the other line, which was taken down and carried away in 1883, just before this suit was brought.

David Coffin, brother of the plaintiff, testified that he had lived on the farm all his life. Fence has been on that line for fifteen or twenty years.

Willard Coffin, son of the plaintiff, testified to same facts.

Others testified that Lemuel Davidson bought the land in 1864 and moved on it in 1869 and remained three years, cutting timber on it during that time.

The tenant testified to using the piece of land in question in the same manner as other lands of his landlord.

*Alfred P. Robinson*, for the plaintiff: It is admitted that neither party has a paper title to this tract of one and one-eighth acres in dispute. Under the plea of *liberum tenementum* the burden of proof rests upon the defendent to show a freehold in the premises; it admits the possession and trespass. In the absence of paper title the law adjudges the title to the one having prior possession.

*Charles M. Cullen*, for the defendant: He who is in actual possession of land may maintain trespass against any other person except the real owner or him who has the right of possession.

When two parties have a concurrent or mixed possession of land, neither having any other title nor any exclusive priority of possession, one of them cannot maintain trespass against the other. 3 Metc., 239; 12 Johnson, 183; 9 Johnson, 61; 8 Mass., 415.

COMEGYS, C. J., charged the jury. Possession to be adverse must be exclusive for twenty years to give a good title. In case of a mixed possession of land where no other right or title to it is shown or proved by either party, the law adjudges it to belong to the party who first acquired the actual and exclusive possession of it, and if the jury were satisfied from the proof that the plaintiff had acquired exclusive possession prior to the defendant, then he was entitled to recover. If it is a case of mixed possession, the plaintiff could recover for the exportation of the fence rails put on the land by him and carried away and converted to his own use by the defendant.

Verdict for plaintiff.